[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence June 9, 1989 Date of Application June 9, 1989 Date Application Filed June 9, 1989 Date of Decision June 22, 1993
Application for review of sentence imposed by the Superior Court, Judicial District of Waterbury, Docket No. CT Page 6581-K CR4-161191
Joseph A. Torrice Pro Se, for Petitioner.
Corrinne Klatt Esq., Assistant State's Attorney, for the State.
Sentence Affirmed.
BY THE DIVISION:
The petitioner, who was 29 years of age at the time of sentencing, was convicted following a jury trial, of Burglary, 2nd degree in violation of Connecticut General Statutes Section 53a-102 and Larceny, 5th degree, in violation of Connecticut General Statutes Section 43a-126.
He was sentenced to 10 years on the burglary count and 6 months concurrent on the larceny. The total effective sentence of 10 years was, however, consecutive to a sentence of 15 years which had been imposed in 1987.
In the earlier 1987 case, the petitioner was convicted of Assault 2nd degree, 5 counts of Assault 3rd degree and 4 counts of Risk of injury. A total sentence of 15 years was imposed and the petitioner was free on an appeal bond when the instant offense occurred.
The factual basis for the prior conviction was a series of beatings and abuse perpetrated upon the 3 year daughter of the petitioner's girlfriend. When the child was taken to the hospital, she had multiple bruises, a broken wrist, possible old fractures of a forearm, both shoulders, and her ribcage. She was bruised on her vagina and pubic bone.
Subsequent to the above incident the child was found to be neglected and placed in the custody of her grandmother. (the mother of the petitioner's girlfriend). CT Page 6581-L
The child required therapy with a psychologist and for a time would not allow anyone to bathe her because "Joe stuck her underwater." She appeared to be "deathly afraid of Joe." The child's psychologist reported that "the kid unfortunately still remembers vivid details, such as the sound of her arm breaking. These mental scars are difficult to be erased forever, some memory will always remain."
The foregoing background is significant, because the petitioner had been out on an appeal bond only a few months when, in the night season, he burglarized the home of the grandmother where the already traumatized child victim was living, and stole a VCR, cable box, and a microwave oven. The petitioner has a lengthy record aside from the convictions discussed herein. He appears to be a person with utter disdain for the law, orders of the court, and the rights of others. The sentencing court could find nothing which would suggest leniency for this petitioner.
Considering the nature of the offense, the character of the petitioner, the need for public protection, and weighing the deterrent, denunciatory and rehabilitative purposes of a particular sentence, the Division concludes that the sentence imposed was appropriate. It is affirmed.
Purtill, Klaczak and Norko, J's., participated in this decision.